IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02228-RPM

RAELENE HELZER and
LESLEY HELZER,

    Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF GEORGIA,
MARINER HEALTH CARE and
SSC GREELEY KENTON OPERATING COMPANY LLC, d/b/a
KENTON MANOR,

    Defendants.

---

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

---

The defendants moved for summary judgment of dismissal of the plaintiffs' claims for relief under ERISA, 29 U.S.C. §§ 1132(a)(1)(B) for denial of benefits and 1132(a)(3) for breach of fiduciary duty upon the following statement of facts mostly undisputed. Raelene Helzer was employed as a nurse in Kenton Manor, a nursing home facility in Greeley, Colorado. She and her husband, Lesley Helzer, enrolled in the Mariner Health Care Value Plus Plan, an employee benefit plan sponsored and administered by Mariner Health Care Management Company, controlled by the defendant Mariner Health Care and SSC Greeley Kenton Operating Company LLC d/b/a Kenton Manor, ("Mariner"). The defendant Blue Cross and Blue Shield of Georgia is the claims administrator for the Plan.

Because of an incident with a patient on August 29, 2004, Ms. Helzer's employment was terminated on September 3, 2004. Because her husband was scheduled for back surgery on September 20, 2004, Ms. Helzer called Annette Aguilar of the Kenton Benefits Office who said that health benefits would continue for 30 days following termination. The defendants dispute that conversation, but for purposes of their motion, it is assumed that Ms. Helzer's testimony

that she received such oral assurance three times from Ms. Aguilar is accepted as true. Ms. Helzer also called Blue Cross to confirm that the insurance was in effect and Blue Cross issued pre-approval for the surgery. After the surgery, Blue Cross sent several Explanation of Benefits forms showing payments for the surgery. In December, 2004, Blue Cross sent another Explanation of Benefits form showing that benefits were not paid because coverage had ended August 29, 2004. That is the date given to Blue Cross for the termination of employment.

The Summary Plan Description, received and read by both plaintiffs, contained the following two statements:

> Coverage under the Value Plus Plan coverage option remains in place continuously so long as you remain an Eligible Employee and your Covered Family Members remain Eligible Family Members. Coverage ends when . . . [y]our employment ends. Exhibit B, p. 47.

Continuing coverage under COBRA is described in the Plan. The Plan contains the following disclaimer:

> An oral explanation of your benefits by an employee of Blue Cross and Blue Shield, Plan Administrator, Plan Sponsor, or Mariner Health Care is not legally binding. Exhibit B, p. 54.

A letter, dated September 28, 2004, addressed to Raelene Helzer and Lesley Helzer at their home address in Evans, Colorado, notified Ms. Helzer of eligibility to continue receiving the health care insurance benefits commencing on August 30, 2004, following the termination date of August 29, 2004, under the provisions of COBRA. Exhibit D. Included with that letter from Norma Gallegos, the Mariner COBRA Benefits Administrator, was a form for enrollment in the health benefits continuation plan, the amount of premium payment required, and the notification that the form must be received no later than November 26, 2004. While the date of receipt of that notification is unclear, it was received well before the November deadline. Ms. Helzer did not enroll in the Continuation Plan and testified that she could not afford the premium.

In this action, the plaintiffs seek recovery of the costs and expenses of Mr. Helzer's

2

surgery.

The plaintiffs recognize that their claim for wrongful denial of benefits under § 1132(a)(1)(B) is precluded by the terms of the Plan but contend that because of the oral statements of Ms. Aguilar, the pre-approval by Blue Cross and the initial Explanation of Benefits forms, the defendants should be equitably estopped from denying payment. This Court acknowledged the possibility of applying equitable estoppel in its ruling denying the defendants' motion to dismiss the amended complaint. At that time, the Court did not have before it the evidence submitted by the defendants in support of their motion for summary judgment. It is apparent from the summary plan description that the termination language of the Plan is not ambiguous and that the insuring agreement is not subject to oral modification.

The defendants have also made clear that the plaintiffs were given adequate and timely notice of their opportunity to participate in the Continuation Plan as required by COBRA. In *Averhart v. U.S. WEST Mgmt. Pension Plan,* 46 F.3d 1480, 1486 (10th Cir. 1994) the Tenth Circuit Court of Appeals acknowledged that estoppel claims have been recognized under ERISA when the terms of a plan are ambiguous and the communications constituted an interpretation of the ambiguity. In *Bowerman v. Wal-Mart Stores, Inc.,* 226 F.3d 574, 588 (7th Cir. 2000) the Seventh Circuit Court of Appeals affirmed the application of equitable estoppel principles under ERISA upon the district court's findings, after trial, that the Plan documents failed to explain adequately the relationship between COBRA, a pre-existing condition limitation and an ERISA plan's provisions regarding the employment after a one-month interruption when the administrator provided incorrect and misleading information as to those terms. That precedent is not applicable to this case.

The plaintiffs' second claim for relief under § 1132(a)(2) is contrary to well established law that there is no individual claim for relief for a breach of fiduciary duty under ERISA. In the recent case of *LaRue v. DeWolff, Boberg & Assocs., Inc.,* 128 S.Ct. 1020 (2008) the Supreme

Court recognized an exception to that limitation in the case of an employer's failure to follow the employee's investment instructions regarding his 401(k) defined contribution pension plan. That limited exception has no applicability here.

Because the plaintiffs have failed to produce sufficient evidence to support the application of equitable estoppel principles for their denial of benefits claim and because they are unable to recover for breach of fiduciary duty, it is

ORDERED that the defendants' motions for summary judgment are granted and judgment will enter dismissing the plaintiffs' claims in this civil action.

Dated: June 9th, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge